FILED

2017 JUN -8 PM 3: 31

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| Robbin Nelson | ) | |
| *Plaintiff* | ) | |
| | ) | |
| -vs- | ) | Case No._____ |
| | ) | ***Jury Demand*** |
| Catherine Rice Holderfield, individually | ) | |
| and in her official capacity and authority as | ) | |
| Judge 8th Judicial Circuit Warren County | ) | |
| Court, Division IV Family Court Two, | ) | |
| *Defendant* | ) | |

## VERIFIED COMPLAINT

## FOR DECLARATORY AND INJUNCTIVE RELIEF FOR

## DEPRIVATION OF CIVIL RIGHTS, FRAUD/FRAUD UPON THE COURT AND

## ABUSE OF PROCESS

COMES NOW THE PLAINTIFF, ROBBIN NELSON, filing pro se to preserve the

statute of limitations and reserving the right to amend this complaint and retain legal counsel at a

later date, in accordance with and reliance on the following; U.S. Constitution, Article III §2, 42

U.S. Code § 1983 - Civil action for deprivation of rights, 28 U.S.C. § 1332, Diversity of

citizenship; amount in controversy, 28 U.S. Code § 1391 - Venue generally, Federal Rules of

1

Civil Procedure (Fed. R. Civ. P.), Title VII, Judgment, Rule 60 (b) (3) Relief from a Judgment or Order, and Abuse of process sues the Defendant, CATHERINE RICE HOLDERFIELD individually and in her official capacity and authority as Judge 8th Judicial Circuit Warren County Court Division IV Family Court Two, for tort actions of fraud/fraud upon the court, abuse of process, and deprivation of civil rights, and would state as follows:

## I.

## INTRODUCTION

Plaintiff brings this action in asking that this Honorable Court address the subject of defendant's behavior and egregious conduct in the improper writing and issuance of a document, specifically a Sua Sponte order (exhibit A) date stamped and entered by the Warren County Clerk's Office on June 9, 2016, whereby defendant within the body of the instrument writes statements with malice, intent, knowledge known to be false, misleading and fraudulent, which was accomplished outside jurisdiction and/or in the absence of complete jurisdiction, in an abuse of process, causing deprivation of rights, and enormous financial injury to plaintiff.

Plaintiff, appearing pro se at this time, to preserve the statue of limitations, humbly request that her pleadings should not be held to the same high standards of perfection as lawyers therefore a less stringent reading is requested as opposed to a complaint drafted by a lawyer. Puckett v. Cox United States Court of Appeals (1972)456 F.2d 233 (1972) *Gentry B. PUCKETT, Plaintiff-Appellant, v. Weldon W. COX, Defendant-Appellee,* United States Court of Appeals, Sixth Circuit.

Plaintiff request the court to consider that "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

2

"Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Accordingly, plaintiff humbly request that this Honorable Court in accordance with Rule 12(b)(6), will not dismiss for failure to state a claim rather would "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487F.3d 471, 476 (6th Cir. 2007).

Plaintiff, in accordance with Rule 38(b) and (c) of the *Federal Rules of Civil Procedure*, demands a jury trial in this action.

## II.

### JURISDICTION AND VENUE

### DIVERSITY JURISDICTION DOMESTIC RELATION
### EXCEPTION NOT APPLICABLE IN THIS CASE

This court has jurisdiction over this action pursuant to Article III §2 which extends the jurisdiction to cases arising under the U.S. Constitution and based on the diversity-of-citizenship provision of 28 U. S. C. § 1332 as the amount in controversy exceeds the statutory minimum.

The tainted Sua Sponte order emanated from the defendant who presides over family court in the Commonwealth of Kentucky. Plaintiff is aware diversity jurisdiction does not apply to divorce, child custody, or other domestic relations matters, *Ankenbrandt. V. Richards*, 504 U.S. 689, 693-701, 1992; however, the domestic relations exception **does not** permit a district court to refuse to exercise diversity jurisdiction over a tort action for damages as is alleged in this complaint. The exception, as articulated in case law since *Barber v. Barber,* 62 U.S. 582, 16 L. Ed. 226, 21 How. 582, 1858, encompasses only cases involving the issuance of a divorce, alimony, or child custody decree. As so limited, the exception's validity must be reaffirmed, as

3

this lawsuit in no way seeks a divorce, alimony, or child custody decree. This is a tort action. Accordingly, there is no invocation of the domestic relations exception and the federal subject-matter jurisdiction pursuant to § 1332 is proper in this case.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that plaintiff is a legal resident of Tennessee, evidence and key witnesses are located in Nashville, including a sitting Judge and two night Court Commissioners all in Davidson County.

## III.

## PARTIES

**Plaintiff,** Robbin Nelson, is a legal resident of Tennessee, her residence being 4230 Lone Oak Road, Nashville, TN, Davidson County, 37215. Phone number is 615-509-5557.

**Defendant**, Catherine Rice Holderfield, is a legal resident of the Commonwealth of Kentucky, [redacted], and presides as a Judge at the 8th Judicial Circuit Warren County Court Division IV Family Court Two with an office at 1001 Center St., Bowling Green, KY., Warren County, 42101-2192. [redacted]

[redacted]

## IV.

## ABSOLUTE JUDICIAL IMMUNITY

## EXCEPTIONS ARE APPLICABLE IN THIS CASE

Under 42 U.S.C. § 1983 claims may be brought against those officials in their individual capacity for compensatory and punitive damages. Plaintiff acknowledges *Stump v. Sparkman*, 435 U.S. 349 (1978), is the leading U.S. Supreme Court decision on judicial immunity whereby judges are typically insulated from liability resulting from their judicial actions, even if contrary to law and morally reprehensible. The Supreme Court noted "judicial immunity is not overcome

4

by allegations of bad faith or malice" while performing judicial acts, *Mireles v. Waco* (1991) 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9.

The Supreme Court also ruled there are two exceptions whereby absolute judicial immunity **does not apply** and judges are subject to liability; specifically, if a judge is acting outside the normal duties (i.e. "outside jurisdiction"), performing a "non-judicial action" although the action was "judicial in nature," **or** when an action is "taken in the complete absence of all jurisdiction." *Mireles v. Waco* (1991) 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9, *Harris v. Harvey*, 605 F.2d 330 (7th Cir. 1979). *Yates v. Village of Hoffman Estates, Illinois*, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." The initiation of accusatory processes, such as criminal prosecutions or civil contempt proceedings, is a non-judicial act that may subject a judge to liability. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984).

In this instance the plaintiff alleges the defendant acted individually and under color of law pursuant to 42 U.S.C. § 1983, outside jurisdiction and/or in the absence of all jurisdiction, in an abuse of process, to cause damage to plaintiff outside jurisdiction, (committing an intentional tort by writing misleading and fraudulent statements in a sua sponte order), and/or in complete absence of all jurisdiction, (defendant previously signed a relocation order allowing plaintiff to relocate with the minor children to Tennessee whereby jurisdiction was vested in Tennessee; and within the sua sponte itself defendant acknowledges both subject matter and personal jurisdiction of another state over plaintiff in an adoption matter and the absence of jurisdiction when falsely alleging evasion of service). Accordingly, absolute judicial immunity does not apply.

5

# V.

## BACKGROUND

Plaintiff has raised two minor children, her biological grandchildren, since they were weeks old, essentially all of their lives. Plaintiff was granted, in defendant's court, by agreed order, De Facto custody, of the two minor children, in May 2014, in Bowling Green, KY., the reasons well documented within the court records where both parents were and remain to this day, unable to care for the minor children. Due to documented educational issues of learning differences and medical needs, (needs which could not be met in Bowling Green, KY.), plaintiff filed a notice of relocation on May 8, 2015 and moved May 25, 2015 from Bowling Green, KY., to a condo in Nashville, TN where plaintiff has held a financial interest in ownership of and use of the property since 2009, prior to the birth of the children. The children received appropriate medical care and were enrolled in remedial educational programs to prepare them for fall enrollment in private, Christian schools that could meet their respective educational needs. The mother, Heather Sharp, filed an objection to the relocation in June 2015 which was overruled by defendant with the net result that Plaintiff and the minor children remained in Nashville, TN., per defendant's court Order on Relocation of State, (exhibit B).

Plaintiff and her husband with the father of the children as co-petitioner, knowing it is in the best interest of the children as both parents medical conditions are permanent and unlikely to improve, filed an action for guardianship, to terminate parental rights of the mother and adopt the two minor children November 25, 2015. The mother, having waived personal jurisdiction to Tennessee through her counsel, appeared in Nashville TN on numerous occasions and continued to submit to the exclusive subject matter and personal jurisdiction in the adoption action in the

6

Tennessee Court which included visitation issues.[1] On May 17, 2016 the Tennessee Court entered an order which states "Accordingly, any order entered by any other court after November 25, 2015, including orders by the 8th Judicial Circuit Warren Court – Div. IV Family Court of the Commonwealth of Kentucky, is unenforceable for want of jurisdiction."

Heather Sharp, in an act of forum shopping, while simultaneously following the orders of the Tennessee Court regarding the location of visitation drop off and pick up, filed a contempt of court petition in the Kentucky court after the issue of visitation had already been addressed by the Tennessee Court. The mother was clearly following orders of the Tennessee Court but reverts to Kentucky when rulings are less than favorable in Tennessee.[2] Plaintiff and the minor children were at the time of the issuance of the Sua Sponte order, bona fide residents and citizens of the State of Tennessee and subject to the exclusive subject matter and personal jurisdiction of Tennessee.

The defendant, for reasons yet unknown but which appear to be in collusion with opposing counsel[3] for opposing party Heather Sharp, and having full knowledge she had issued a ruling allowing relocation of the minor children and understanding that plaintiff and the minor

---

[1] Biological mother, Heather Sharp, who suffers from a documented head injury, and following repeated instances of abandonment, abuse and neglect, overdosed the children during visitation as well as exposed them to inappropriate movies and interactive games. The children's teacher and a social worker expressed concern over the safety of the children. Plaintiff, because it was after hours, sought a protective order from the night court to prohibit visitation. Night Court was unable to grant protective order because plaintiff's custody order was not certified. Night Court Commissioner advised plaintiff to "protect the children" or they would be "placed in foster care for their protection." Plaintiff accordingly withheld visitation as she believed the children's lives were in danger and sought assistance from legal counsel during normal business hours whereby visitation was ordered, after a delay, to be suspended for a period of two weeks. Visitation was inappropriately reinstated when a GAL failed to fully investigate the matter.

[2] Summary Judgement – Mother ruled as to have abandoned the children. All that remained was a hearing on the best interest of the children which was thwarted by the mother returning to Kentucky to file motions.

[3] Casey Hixson is opposing counsel in Bowling Green, KY. Laura Frost is opposing counsel in TN. Valerie Cantrell is TN appointed GAL. Depositions and testimony will be required of these individuals in this matter to determine the extent of collusion with defendant.

children were, at that point in time, residents and citizens of Tennessee having resided in Tennessee for over a year since May 25, 2015, and participants in an adoption in Tennessee, issued a sua sponte order which appears to consider the previous evidentiary hearings,(specifically of January 30, 2015 and February 5, 2015) from defendants Court in Kentucky, findings of fact and the application of the rule of law as immaterial and irrelevant. The defendant not only ignored her own relocation order and previous evidence and ruling but fraudulently contradicted the previous findings and ruling in the sua sponte order!

The first decision by defendant to essentially ignore both subject-matter and personal jurisdiction by the State of Tennessee over plaintiff, and the admittedly waived personal jurisdiction of Heather Sharp to Tennessee, as well as render previous rulings of the court as immaterial and irrelevant was certainly unsupportable. The subsequent decision to fraudulently misrepresent and contradict a ruling which was supported by evidentiary hearing, findings of fact and rule of law was blatantly unethical and fraudulent! Suffice it to say such conduct is certainly not worthy of any individual but especially a judge who is sworn to be under oath at all times and bound to remain impartial, neutral and detached as they hear evidence, find facts and apply the law. The affected individuals in this case, not just plaintiff, all deserve better.

## VI.

## THE MISREPRESENTATION AND MISCONDUCT

The defendant wrote and had entered by the Warren Circuity Court Clerk in Bowling Green, KY on June 9, 2016, a tainted sua sponte order, an order completely unjustifiable under the circumstances, in an abuse of process, in which defendant knew the true facts including the lack of jurisdiction, misrepresented those facts within the order itself, based on opinion absent evidentiary hearings and wrote fraudulent statements which contradicted previous evidentiary

8

testimony, findings of fact and rule of law, including defendant's own statements in evidentiary hearings. In the sua sponte order the defendant:

- Ignores the Order on Relocation of States written by defendant which vested complete jurisdiction in the State of Tennessee over plaintiff,

- Acknowledges both subject matter and personal jurisdiction of Tennessee over plaintiff and the absence of jurisdiction of Kentucky over the plaintiff when defendant writes "the Court having been made aware at a recent hearing that adoption proceedings have been filed in another state...," and writes "... the proposed adoptive parent..." and further writes "may be evading service..."

- Writes false, misleading, opinionated statements **absent** any evidentiary hearing, findings of facts and rule of law stating, "...the proposed adoptive parent has failed to comply with this Courts' orders..." and "may be evading service...,"

- References the "UCCJEA" as applicable when the UCCJEA specifically excludes adoptions,[4]

- Fraudulently writes "the petitioner having obtained de facto custody **under somewhat questionable** but reportedly agreed circumstances" directly contradicts the defendant's own words and previous ruling following evidentiary hearings, of January 30, 2015 and February 5, 2015, findings of fact and rule of law. Following two days of evidentiary hearings defendant stated on February 5, 2015, beginning at the 1:40:13 mark on the court recorded video tape (copy of Warren County Family Court CD to be provided and

---

[4] The Uniform Child Custody Jurisdiction Act, UCCJEA is a uniform law developed by the National Conference of Commissioners on Uniform State Laws and has been adopted by both Tennessee T.C.A. § 36-6-201, and Kentucky Ky. Rev. Stat. § 403.800 with the obvious intent to create uniformity among the states when such jurisdictional matters arise. The UCCJEA "does not apply to child support proceedings or adoption cases." UCCJEA, section 103 (Proceedings Governed by Other Law) and is ratified in both Tennessee § 36-6-206 and Kentucky KRS § 403. 802, § 403.800 to 403.880 statues.

Case 3:17-cv-00927   Document 1   Filed 06/08/17   Page 9 of 23 PageID #: 127

played at trial) "...there's not been any doubt that Ms. Nelson has shown the DeFacto; that she can be a DeFacto custodian. I was concerned about the circumstances that, that judgement was entered just because neither parent was involved other than just agreeing to it and were not present for the hearings ..."

- At the 1:40:37 mark on the court recorded video tape defendant states "no mistake she (plaintiff) has them (the minor children) enough time to have that De Facto designation."

- At the 1:43:39 mark on the court recorded video tape defendant states "both parents need to be appreciative of Ms. Nelson being available all these years that she has..."

One misrepresentation could understandably be a mistake, but the expansion of the sua sponte order by the defendant which includes multiple opinions absent evidentiary hearings to support those opinions and contradiction of previous court rulings following evidentiary hearings puts to rest any doubt regarding misconduct and the intent by the defendant to prejudice the plaintiff through fraudulent means in a clear abuse of process. Certainly no one can claim this remotely approaches candor by the defendant. The defendant, improperly using the authority of the court directly, improperly and fraudulently, raised this issue in an apparent effort to undermine and interfere with legal proceedings in Tennessee, specifically an adoption, to drag the plaintiff back into a Kentucky court[5], in favor of Heather Sharp, the biological mother of the children.

If the instance of the issuance of a unilateral sua sponte were not enough, defendant has engaged in on-going continued incidences of misrepresentation and fraud which show bias, bad

---

[5] Petitioner was improperly served with service of process on July 21, 2016 at the law offices of Laura Frost, counsel for Heather Sharp. Defendant later ruled the service invalid, and despite Petitioner's presence in the KY court room, under special appearance, Defendant inappropriately served Ms. Nelson in open court in the fall of 2016 in an attempt to improperly gain jurisdiction.

faith and a generalized continuing pattern of misconduct. What defendant did borders on the incredible including the following actions after issuance of the sua sponte:

- Serving process on plaintiff in her open court in an attempt to gain personal jurisdiction when plaintiff was appearing under special appearance for the sole purpose to contest jurisdiction,

- Changing custody without a best interest hearing (KY Court of Appeals defined this as an "error"),

- Introducing extra judicial information in this case misrepresenting to the KY Court of Appeals that cases were in her court when five of the cases are in another family court judge, some of which have not been adjudicated, or at the Kentucky court of appeal level,

- Presenting false information to a sitting Judge in Tennessee during a UCCJEA telephone conference call,

- Violating plaintiff's due process rights by entering an order of contempt in abstention without a hearing,

- Issuing a written response to the KY Court of Appeals where the document also, like the sua sponte order, contains fraudulent and misleading comments,

- In a continued abuse of process upheld a previous improper order changing custody of the minor children introducing extra judicial information and failing to properly cite the findings of the court which include admission by the mother Heather Sharp there was no fraud in the De Facto agreement as previously alleged, hearing the mother Heather Sharp acknowledge she committed Medicaid and SNAP fraud in under-reporting her income, the mother has illegally given a prescription drug written for the youngest child to the

11

oldest child, placing the child(ren) in serious danger, with the defendant ignoring the best interest of the children.

Regardless of how one spins the facts after the sua sponte order was written, and it is not anticipated this Honorable Court would rule on anything beyond the sua sponte except to vacate all orders emanating after the Sua Sponte, it is clear defendant's actions were calculated to harm and punish plaintiff via the instrument of a misleading and fraudulent sua sponte order and the defendant has continued in a vein of serious misconduct. Whether it was one miscommunication or several, the magnitude does not change a judge's ethical obligations. The duties of the defendant as a sitting Judge are both succinct and clear in the Kentucky Bar Association Rules of the Supreme Court of Kentucky Judicial Conduct Commission SCR 4.300 Kentucky Code of Judicial Conduct. There is no gray area or grounds for debate as the unethical misconduct associated with the Judicial Canons have been violated and will be examined in detail during discovery, deposition and trial.

## VII.
## APPLICABLE LEGAL STANDARDS

### A. CIVIL RIGHTS VIOLATIONS

42 U.S. Code § 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

12

declaratory decree was violated or declaratory relief was unavailable. For the purposes of this

section, any Act of Congress applicable exclusively to the District of Columbia shall be

considered to be a statute of the District of Columbia." Accordingly, under Title 42 U.S.C. 1983,

civil rights violation, an individual must show that a judge was not acting in his/her judicial

capacity, i.e., while acting as a judge. Forrester v. White, 484 U.S. 219, 227-29,538, 544-45, 98

L. Ed. 2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 360, 98 S.Ct. 1099, 1106, 55 L. Ed. 2d

331(1978); or that the judge acted in the complete absence of all jurisdiction. Id. at 356-57, 98

S.Ct. at 1104-05; Bradley v. Fisher, 80 U.S. 335, 351, 20 L. Ed. 646(1872).

Plaintiff asserts that defendant is guilty of acting outside her judicial capacity (writing

misleading fraudulent statements in the sua sponte document itself) and in the absence of all

jurisdiction (relocation order by defendant vested both personal and "subject matter jurisdiction

which is determined by constitution or statute," *State v. Roberts*, 940 S.W.2d 655, on remand

1997 WL334879, (1996), in Tennessee), in an effort to benefit one party, Heather Sharp, through

an abuse of process via a fraudulent sua sponte action, which is a departure from an adversarial

system of litigation. Willingness to take sua sponte action on behalf of a litigant violates

procedural rules and relies on unsound policy as the legal system is an adversarial system of

justice. If the Court raises this argument on the defendant's behalf, the system is no longer

neutral, and the Court has become the defendant's representative. Justice Ruth Bader Ginsburg,

writing for a unanimous Court, in *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, (1999),

discussed subject-matter and personal jurisdiction. Subject-matter is non-waivable but personal

jurisdiction requirements, by contrast, serve as an external check on the court's power, protecting

the individual liberty interests of defendants from an overextension of judicial power in

accordance with the Due Process Clause. As the Court observed, this requirement is waivable

13

and is not policed by the courts sua sponte. In the application of Justice Ginsburg's writings, it is clear the defendant has, via a fraudulent sua sponte, become a representative for Heather Sharp simultaneously violating plaintiff's due process rights by her misconduct and fraudulent actions outside jurisdiction and in the complete absence of jurisdiction.

## B. ABUSE OF PROCESS

Black's law dictionary defines abuse of process as "legal action that is regarded by the courts as misuse or even abuse of the legal process." The legal process can be any part of a lawsuit, not simply the entire lawsuit and the improper purpose requirement in an abuse of process claim is that, although the defendant had a technical right to use the legal process, he or she did so to elicit something else from the plaintiff. It is extreme and outrageous conduct and is a cause of action in tort (a common law intentional tort) arising from one party making a malicious and deliberate misuse or perversion of regularly issued court process (civil or criminal) not justified by the underlying legal action.

"The gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.' *Bell ex rel. Snyder*, 986 S.W.2d at 555 (quoting W. Page Keeton et al., [Prosser and Keeton on the Law of Torts] § 121, at 897 (5th ed. 1984)). To this end, a plaintiff must establish by evidence two elements to recover for abuse of process: '(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.' *Id.* (quoting *Priest*, [125 S.W.2d at 143]); *see also Donaldson*, 557 S.W.2d at 62." 75 S.W.3d at 400-01. Plaintiff alleges the defendant's ulterior motive was the interference with an active adoption case in Tennessee. Defendant

14

utilized a fraudulent sua sponte, outside of jurisdiction and in the absence of all jurisdiction, order to accomplish this purpose.

"The test as to whether process has been abused is 'whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do.' *Priest*, [125 S.W.2d at 143-44]. "For a court to pronounce upon the [merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires," 523 U.S. 83 (1998). Plaintiff alleges defendant's use of a fraudulent sua sponte order, the sua sponte order being for the benefit of Heather Sharp, in an attempt to regain jurisdiction over plaintiff which had previously been vested in Tennessee by the defendant's own relocation order, was improper in that the sua sponte was outside normal procedure sans motion of either party. The fact that the sua sponte order contains misleading and fraudulent statements invalidates the order.

"Ordinarily, the lawful use of a court's process does not give rise to an abuse of process claim, and no claim of abuse will be heard if process is used for its lawful purpose, even though it is accompanied with an incidental spiteful motive or awareness that the use of process will result in increased burdens and expenses to the other party. *Id*. However, a different case is presented when the *primary* purpose of using the court's process is for spite or other ulterior motive. Noting that 'when a party abuses process[,] his tortious conduct injures not only the intended target but offends the spirit of the legal procedure itself,' *id*. at 281, the court further stated that while it is true that public policy mandates free access to the courts for redress of wrongs and our adversarial system cannot function without zealous advocacy, it is also true that legal procedure must be utilized in a manner consonant with the purpose for which that

15

procedure was designed. Where process is manipulated to achieve some collateral advantage, whether it is denominated extortion, blackmail or retribution, the tort of abuse of process will be available to the injured party." Plaintiff therefore alleges abuse of process by defendant and seeks redress for associated injuries by this Honorable Court for the illegitimate disposition resulting from this improper abuse of process action by defendant.

## C. FRAUD/FRAUD UPON THE COURT

Rule 60 Relief from a Judgment or Order states: "(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (c) TIMING AND EFFECT OF THE MOTION. (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Plaintiff acknowledges awareness that an independent action to set aside a judgment for fraud under section 2 the savings provision of Rule 60.02 requires extrinsic fraud. Whitaker, 32 S.W.3d at 230;  see also New York Life Ins. Co. v. Nashville Trust Co., 200 Tenn. 513, 292 S.W.2d 749, 751-53 (1956). Intrinsic fraud occurs "within the subject matter of the litigation," and it includes such things as falsified evidence, forged documents, or perjured testimony. Whitaker, 32 S.W.3d at 230.   Extrinsic fraud, on the other hand, "involves deception as to matters not at issue in the case which prevented the defrauded party from receiving a fair hearing."   Nobes v. Earhart, 769 S.W.2d 868, 874 (Tenn.Ct.App.1988). "Fraud upon the court"

has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner it impartial tasks of adjudging cases that are presented for adjudication. "Kenner v C.I.R., 387 F.3d 689(1968); 7 Moore's Federal Practice, 2d ed., p. 512, 60:23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." Petitioner alleges the defendant is guilty of extrinsic fraud upon the court, misrepresentation and misconduct in that she has written false, fraudulent statements but that the action of a sua sponte order, which was written for the benefit of Heather Sharp, which was written outside jurisdiction, and in the complete absence of jurisdiction, has defiled the judicial machinery and the impartial function of the court has been disrupted.

Plaintiff, under Federal Rule 60.02, the purpose of which "is to alleviate the effect of an oppressive or onerous final judgment."   Killion v. Dep't. of Human Servs., 845 S.W.2d 212, 213 (Tenn.1992) and in accordance with the required statue brings this action and motion (in an abundance of caution motion also filed separately) timely filed from the date of the entry of the sua sponte order entered on June 9, 2016 in the Warren County Circuit Court in Kentucky , and pursuant to Rule 60  (b) (3) fraud, misrepresentation and misconduct by opposing party, the defendant Catherine Rice Holderfield, as detailed under section VI Misrepresentation and Misconduct, outside jurisdiction and in the complete absence of all jurisdiction, in this verified complaint, and upon such terms as are just, requests relief from the sua sponte order in that it be stricken and all orders emanating following that order are void.

17

# X.

## PRAYER FOR RELIEF

All allegations set forth in the above-stated paragraphs are incorporated herein by reference as though fully set out, and Plaintiff respectfully asks that this Honorable Court grant the following relief and enter final judgment against Defendant CATHERINE RICE HOLDERFIELD:

a.  Issue declaratory, injunctive and equitable relief as this Court deems appropriate and just,

b.  Strike the Sua Sponte order entered into the Warren County Circuit Court of Kentucky on June 9, 2016, as a sanction for the blatant, egregious misconduct, misrepresentation, and fraud by defendant,

c.  Vacate all orders in the Kentucky proceeding after the issuance of the Sua Sponte entered order of June 9, 2016,

d.  Permanently enjoin and restrain the defendant from any and all interference with plaintiff and her choice of personal jurisdiction for legal issues,

e.  Award compensatory damages, which include but are not limited to legal fees, attorney fees in both Kentucky and Tennessee, court costs in both Kentucky and Tennessee in both state and federal courts, process of service fees, travel costs to attend court in Kentucky, lost tuition for minor children, enrollment fees for minor

18

children, special testing fees for minor children, opposing counsel fees associated

with contempt and sanctions,

f.  Award treble damages to serve as a deterrent to any future misconduct, or act as a

punishment,

g.  Award sanctions and fines for abuse of process,

h.  Refer defendant to the appropriate entity in Kentucky and/or Tennessee for possible

criminal and disciplinary proceedings,

i.  Award any further relief as this court deems appropriate and just.

### Statement of Verification

I hereby certify under penalty of perjury that the above Petition is true to the best of my

information, knowledge, and belief.

Respectfully submitted,

_____

Robbin Nelson
4230 Lone Oak Road
Nashville, TN 37215
Tel. (615) 509-5557
rkn@email.com

EXHIBIT A

**COMMONWEALTH OF KENTUCKY**
**8TH JUDICIAL CIRCUIT**
**WARREN CIRCUIT COURT, DIVISION IV**
**FAMILY COURT**
**CATHERINE RICE HOLDERFIELD, JUDGE**
**CIVIL ACTION NO. 14-CI-00479**

ENTERED
JUN 0 9 2016
BRANDI DUVALL, CLERK
WARREN CIRCUIT/DISTRICT COURT

**IN RE: THE VERIFIED PETITION FOR DEFACTO CUSTODY**
**THE INTEREST OF R.A.S, III, a minor child**
**A.K.S., a minor child**

**ROBBIN NELSON**                                                          **PETITIONER**

**V**                                    -SUA SPONTE ORDER-

**ROBERT ANDREW SHARP, JR. and**
**HEATHER ANNE SHARP**                                   **RESPONDENTS**

This matter, having come before the Court upon sua sponte review, the Court having had multiple hearings in this action and the family's related actions, over the past several years, the Court having been made aware at a recent hearing that adoption proceedings have been filed in another state even though the proposed adoptive parent has failed to comply with this Court's orders, may be evading service with regards to a long pending show cause order regarding the court ordered visitation for the mother of the children, no UCCJEA hearing has occurred as required by Kentucky Revised Statutes, the Petitioner having obtained de facto custody under somewhat questionable but reportedly agreed circumstances, and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that this Court specifically asserts and retains jurisdiction of this action and the actions related thereto in Warren Circuit Family Court.

This ___ day of June, 2016.

*Catherine Rice Holderfield*
CATHERINE RICE HOLDERFIELD, JUDGE
WARREN CIRCUIT COURT, DIVISION IV
FAMILY COURT

Clerk distribute copies to all parties:
✓Hon. John McCracken for Pet Robbin Wellson
✓Hon. Casey Hixson for Resp Heather Sharp
✓Respondent-Robert Andrew Sharp, Jr.

EXHIBIT B

ENTERED

NOV 0 3 2015

BRANDI DUVALL, CLERK
WARREN CIRCUIT/DISTRICT COURT

# COMMONWEALTH OF KENTUCKY
## 8th JUDICIAL CIRCUIT
### WARREN CIRCUIT COURT- DIVISION IV
### FAMILY COURT
### JUDGE, HON. CATHERINE RICE HOLDERFIELD
### CASE NO. 14-CI-00479

**IN RE: THE INTEREST OF R.A.S., III, a minor child**
**A.K.S., a minor child**

ROBBIN NELSON                                                          PETITIONER

VS.                              **ORDER ON RELOCATION OF STATE**

ROBERT ANDREW SHARP, JR. and
HEATHER ANNE SHARP                                            RESPONDENTS

A Hearing was held pursuant to Respondent, Heather Sharp's objection to Petitioner moving to Nashville. After hearing evidence the Court overrules Respondent's objection. Petitioner shall be allowed to move to Nashville and the parties shall maintain a *status quo* as relates to visitation.

Entered this 2nd day of November, 2015.

_Catherine Rice Holderfield_
Hon. Catherine Rice Holderfield, Judge
Warren Circuit Court, Div. IV

Tendered by:

_John H. McCracken_
John H. McCracken

TENDERED
DATE _10-30-15_
_McCracken_

1

**Clerk, copies to:**

John H. McCracken
941 Lehman Avenue, Suite 103
P.O. Box 27
Bowling Green, KY 42102

Robert Andrew Sharp, III
2448 Old Union Church Road
Bowling Green, KY 42104

Jason C. Hays
1011 Lehman Avenue, Suite 102
Bowling Green, KY 42103

Christopher T. Davenport
921 College Street – Phoenix Place
P.O. Box 3100
Bowling Green, KY 42102

2